IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LES GOCHA,

    Defendant.

No. CR07-2006

**ORDER FOR PRETRIAL DETENTION**

On the 9th day of April, 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Peter Deegan. Defendant Les Gocha appeared personally and was represented by his attorney, Leon F. Spies.

## RELEVANT FACTS

On March 21, 2007, Defendant Les Gocha was charged by Indictment (docket number 1) in two counts: (1) Conspiracy to Distribute a Controlled Substance, and (2) Unlawful Possession of Firearms. At the Initial Appearance/Arraignment on April 3, 2007, Gocha entered a plea of not guilty and trial is now scheduled on June 4, 2007.

Mitchell County Deputy Sheriff Gregory Beaver testified at the instant Hearing that officers were called to respond to a domestic disturbance at the Defendant's home in New Haven on October 21, 2006. (*See* Government's Exhibit 1.) Apparently, Gocha and his common-law wife, Niky Lewis, were involved in an altercation at their home. Lewis called 911 twice asking for officers to respond to the scene and Gocha called 911 once. While Gocha was charged with Domestic Abuse Assault, he was subsequently found not guilty by the Magistrate. (*See* Defendant's Exhibit B.)

1

While at the scene, Officers conducted a consent search of a shop which Gocha uses for his construction business. A deputy found an individual hiding in the attic, with a plastic tub containing controlled substances and cash found nearby. After obtaining a search warrant, officers subsequently found operational surveillance cameras, a "bug buster" which detects transmitters on persons, a digital scale, a "drug note" with figures written on it, drug paraphernalia, methamphetamine, cocaine residue, prescription pain killers, and $15,160.00 in cash. (*See* Government's Exhibit 2.)

Also seized at Gocha's residence and shop on October 21, 2006, were thirteen firearms, including two loaded handguns and one assault rifle. (*See* Government Exhibits 3-5.) A digital camera seized at the site contained an image of Gocha holding money (*see* Government's Exhibit 6) and computers seized in the shop included images of Gocha holding a handgun (*see* Government's Exhibit 7) and an assault rifle (*see* Government's Exhibit 8). Neither the revolver nor the rifle depicted in Government's Exhibits 7 and 8 were found by the officers in their search of the Defendant's residence and shop. According to Deputy Beaver, Government's Exhibit 6 also depicts a hand grenade on a shelf behind Gocha and to his left.

Deputy Beaver also testified that Tony Bartizek reported that Bartizek had stolen a 9mm handgun and a bulletproof vest, which he attempted to trade with Gocha for drugs. Gocha apparently caught Bartizek trying to steal a camera, however, and kicked Bartizek off the property, retaining the stolen items. While the bulletproof vest was not found during the search on October 21, 2006, it was subsequently found during a search of Gocha's property conducted pursuant to a warrant issued on March 21, 2007.

According to Deputy Beaver, Levi Anderson was interviewed in February 2007 and told officers that he had provided ten to fifteen weapons to Gocha between November 2005 and September 2006, including an AK-47 and an AR-15. Deputy Beaver testified that the weapon shown on Government's Exhibit 8 appears to be an AR-15, but the Officers did not find an AK-47. Anderson also told officers that he had converted a number of guns

for Gocha to operate either as a full or partial automatic. The officers did not find any full or partial automatic weapons during the search on October 21, 2006.

Willie Clayton or his wife, Dana Clayton, also told officers that a storage facility associated with Gocha in Floyd County was "cleaned out" after the search on October 21, 2006. Authorities have not been able, however, to locate any storage facilities associated with the Defendant.

The testimony at the instant hearing also suggested that Gocha may have made veiled threats to persons participating in the Grand Jury investigation. Eric Ross called Ron Rodemaker after he testified at the Grand Jury and told him to give Gocha a call "because he's concerned." In addition, Gocha told Niky Lewis that he may kill Deputy Beaver and then kill himself. Gocha told Noel Toppin, another Grand Jury witness, that sometimes informants get taken care of "like in the movies."

In support of his request that he be released on conditions, the Defendant proffered the testimony of Gary Comisky, Ron Goodale, and Robert Tolsdorf. (*See* Defendant's Exhibit A). The Defendant's witnesses would testify that they have known Gocha for a long period of time, do not believe that he would flee to avoid prosecution, and do not believe that he is a danger to the community. The Defendant also offered the results of a substance abuse evaluation (Defendant's Exhibit C), finding that on December 28, 2006, there were "no indications of abuse of substances."

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society

liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755, 107 S. Ct. at 2105.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822

F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Gocha was charged by Indictment with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Gocha proffers the conclusory opinions of three acquaintances that the Defendant would not flee and is not a danger to the community.

The Defendant is charged with serious drug and firearms offenses which, if he is convicted, may result in a substantial punishment. Drugs and weapons were seized from the defendant's property. There is evidence suggesting that other weapons, including fully or partially automatic weapons, may still be unaccounted for. Also found at the Defendant's property were surveillance cameras, "bug" detectors, and other items consistent with the sale of narcotics, including a substantial amount of cash. Also seized was a stolen bullet-proof vest and, according to Deputy Beaver, one of the photographs shows Gocha in possession of a hand grenade.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court

5

concludes that the Defendant should be detained prior to trial. The Defendant was advised in open court of his right to appeal this decision to the District Court.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 10th day of April, 2007.

_____
JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT