**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

LESLIE GOCHA,

               Defendant.

No. CR07-2006-MWB

**ORDER CONCERNING**
**MAGISTRATE'S SUPPLEMENTAL**
**REPORT AND RECOMMENDATION**
**REGARDING DEFENDANT'S**
**MOTION TO SUPPRESS**

———————————

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    *B. Objections To Supplemental Report and Recommendation* . . . . . . . . . 12
        *1. Fruit of the poisonous tree* . . . . . . . . . . . . . . . . . . . . . . . 12
        *2. Probable cause to search computers* . . . . . . . . . . . . . . . . . 13
        *3. Overbroad and lacking in particularity* . . . . . . . . . . . . . . . 16

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On April 19, 2007, a superseding indictment was returned against defendant Leslie Gocha charging him with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; being an unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On June 1, 2007, defendant Gocha filed a motion to suppress and application for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). In his motion, defendant Gocha seeks to suppress evidence found during searches of his residence and shop as well as searches of computers and electronic equipment. Defendant Gocha argues that a law enforcement officer deliberately or recklessly included certain false or erroneous information in the warrant affidavit, and if this information had been left out of the affidavit, probable cause would have been lacking. He asks for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Defendant Gocha further contends that law enforcement officers violated his rights under the Fourth Amendment to the United States Constitution when they conducted a pre-warrant "protective sweep" of his residence and shop. In addition, defendant Gocha challenges the legality of all three subsequently obtained search warrants, arguing that the search warrants were tainted by the prior illegality of prior warrantless searches of his residence and the shop. Defendant Gocha further challenged the second and third search warrants on the ground that they were overbroad and lacking the requisite particularity.

Defendant Gocha's motion to suppress was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted an evidentiary hearing and then filed a Report and Recommendation in which he

2

recommends that defendant Gocha's motion to suppress be denied. Judge Zoss concluded that defendant Gocha had not made the requisite showing to warrant a *Franks* hearing. Judge Zoss further concluded that there was no evidence to suggest that the law enforcement officer seeking the search warrant for defendant Gocha's shop and residence deliberately or recklessly failed to include in his affidavit information that would have detracted from probable cause. Judge Zoss also concluded that law enforcement officers did not violate defendant Gocha's rights under the Fourth Amendment to the United States Constitution when they conducted a pre-warrant "protective sweep" of his residence and shop. Finally, Judge Zoss concluded that because the initial consent search was lawful, there is no taint attached to any of the search warrants. Therefore, Judge Zoss recommended that defendant Gocha's motion to suppress be denied. Defendant Gocha filed objections to Judge Zoss's Report and Recommendation.

On August 8, 2007, this court issued an order adopting Judge Zoss's Report and Recommendation as to the first of the three search warrants challenged by defendant Gocha, but remanding the matter to Judge Zoss for the filing of a supplemental Report and Recommendation with regard to defendant Gocha's motion to suppress the second and third search warrants. Judge Zoss has filed a Supplemental Report and Recommendation in which he recommends that the remaining portion of defendant Gocha's motion to suppress also be denied. Judge Zoss concluded that the warrant applications provided probable cause for issuance of the warrants to search defendant Gocha's computers, digital cameras, Palm Pilot, and media storage devices, and it was reasonable for the issuing magistrate to conclude evidence of defendant Gocha's drug trafficking activities would be found in or on those items. Judge Zoss also concluded that the second and third search warrants met the particularity requirement and were not overly broad. Accordingly, Judge Zoss recommended that defendant Gocha's motion to suppress be denied with regard to the

Case 6:07-cr-02006-MWB   Document 75   Filed 08/28/07   Page 3 of 24

second and third search warrants. Defendant Gocha has filed objections to Judge Zoss's Supplemental Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Gocha's motion to suppress with regard to the second and third search warrants.

### B. Factual Background

The court incorporates by reference those factual findings made in its prior Order Concerning Magistrate's Report and Recommendation Regarding Defendant's Motion To Suppress. In addition, in his Supplemental Report and Recommendation, Judge Zoss made the following findings of fact:

> The second warrant application was submitted to a Mitchell County magistrate judge on November 17, 2006. (*See* Doc. No. 26-9) The application sought authority to search/seize the following "personal property and other items" located at the residence shared by Gocha and Niky Lewis:
>
> 1.    A DELL lap top computer #X08-73061, a Windows XP Home Edition HP # CNF 4491YK7, a DELL lap top computer # CN-OF3553-12961-481-4507, a Hewlett Packard lap top #CNF5211FXN, a home made computer with no numbers being black in color, a home made computer with no numbers being green in color, a XBADE computer #556794GR2331, and a DELL Windows XP Home Edition #X10-60264. Any and all documentation and records, whether on paper or stored on optical or magnetic media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to include but not limited to the sale, possession[,] manufacturing and or distributing of controlled substances, associated BIOS, driver software

4

programs, and all peripheral equipment (LCD/CRT controller, modems, printers, scanners, video cameras/camcorders/VCRS, and other image capturing/reproducing devices).

2.     Computer hardware, software and data including, but not limited to[,] central processing units (CPU's), hard disks, hard disk drives, floppy disk drives, tape drives, CD-ROM drives, display screens, keyboards, printers, modems, s c a n n i n g     d e v i c e s ,     v i d e o cameras/camcorders/VCRS, and other image capturing/reproducing devices, magnetic tapes, cassette tapes, compact disks, thumb drives, removable USB storage devices, personal digital assistants (PDA), electronic organizers and floppy disks found together or separately from one another.

3.     Written documentation, whether typed or hand written, including, but not limited to, computer manuals and instructions for the use of any computers and their accessories found at the premises.

4.     Any and all documentation and records, whether on paper or stored on computer media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to contemplated, present or previous agreements, arrangements, inquiries or discussions by Leslie Robert Gocha or Niky Lynn Lewis with any individual or entity concerning: the selling, manufacturing, marketing, transferring, providing, furnishing or sampling of all controlled substances or documents, records, images, magnetic media (including information stored within a computer)

5

or other items incorporating, or purportedly compatible with the recording, sending, receiving, reproducing and viewing of any and all controlled substances and paraphernalia. Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on optical or magnetic media ("E-mail").

5.      Any and all documentation and records, whether on paper or stored on magnetic media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to contemplated, present or previous agreements, arrangements, inquiries, or discussions by Leslie Robert Gocha and Niky Lynn Lewis with suspected narcotics associates concerning: the selling, manufacturing, marketing, transferring, providing, furnishing, sampling, or examining of documents, records, images, magnetic media (including information stored within a computer) or other items incorporating, or purportedly compatible with the recording, sending, receiving, and or manufacturing of any and all controlled substances and related paraphernalia. Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on magnetic media ("E-mail").

6.      Any and all documentation and records, whether on paper or stored on optical or magnetic media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to

6

contemplated, present or previous agreements, arrangements, inquiries, or discussions by Leslie Robert Gocha and Niky Lynn Lewis with any suspected narcotics associates concerning: the selling, manufacturing, marketing, transferring, providing, furnishing, sampling, or examining of documents, records, images, magnetic media (including information stored within a computer) or other items incorporating, or purportedly compatible with the recording, sending or manufacturing of any and all controlled substances and related paraphernalia. Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on magnetic media ("E-mail").

7.     Evidence of occupancy and control of said premises, including but not limited to, utility company bills, internet provider bills or payments, cancelled mail envelopes, personal identification papers, photographs, rent receipts, and keys.

8.     In a circumstance where the item seized may contain digital information i.e., computer, or other removable digital storage device, the peace officers are hereby authorized to make a bit by bit physical copy providing a digital image of said item. This will be done in order to facilitate a forensic examination of the image in a laboratory setting without altering the original data.

(Doc. No. 26-9 at 1-2)

7

Deputy Greg Beaver of the Mitchell County Sheriff's Office supplied an Affidavit in support of the second warrant application. In his affidavit, Deputy Beaver summarized his law enforcement experience and his experience in drug-related investigations. Deputy Beaver stated the following with regard to his expectation that materials relevant to the investigation could be found within the personal property listed above:

> 4. The affiant and [other law enforcement officers and/or agents] have found through prior investigations, experience, and research, those involved in the drug trade almost always maintain and possess records of their active drug trade. Materials such as: photographs, magazines, negatives, films, video tapes, files, correspondence, mailing lists, books, tapes, recordings, and catalogs. These materials are stored in a secure but accessible location, which is within their immediate control, such as in the privacy and security of their own homes. If privacy within their residence can not be assured, they will seek a secure, accessible location near by, such as on their person or in their personal effects, their automobile, safe deposit boxes, or locked shed. In addition to narcotics records those involved in the drug trade often times maintain photographs of associates relating to the use of, distribution of or proceeds from the sale of narcotics. It is also common that those involved in the drug trade retain proceeds from the sale of narcotics. It is also common that those involved in the drug trade retain material including related correspondence, for many years. These individuals will rarely voluntarily dispose [of] or depart [sic] with their materials, which are considered treasured possessions and often times used for continued points of distribution.

8

(Doc. No. 26-9 at 3)

Deputy Beaver then provided the following background of the current investigation:

> On October 21st, 2006 the Mitchell County Sheriff's Office executed a search warrant at 3009 360th St. Osage, Iowa. During the course of that search warrant numerous computers, digital cameras, video recorders and audio tapes were seized. In addition to the items mentioned suspected controlled substances, cash and guns were seized. Often times those involved in the drug trade will use videotape cassettes and digital media in various ways. For example, such videotapes and digital media containing associates and their drug use and or distribution may be stored within multiple disks and cards designed to hold digital images. Based on the affiant's training and experience, most individuals involved in drug trafficking in a digital or video format will utilize store bought devices such as smart cards, digital memory chips or disks to record, copy, or maintain records of drug transactions.

> Consequently, in order to conduct a thorough examination of the contents of the above mentioned digital camera it is necessary to examine the contents of the camera in its entirety to include any smart cards or memory devices designed to store images from a digital camera. As such, it is requested that authority be granted to remove the digital camera and all accompanying storage devices seized during the execution of the search warrant by the Mitchell County Sheriff's Office on October 21, 2006 [for] further examination.

9

> WHEREFORE, your affiant respectfully requests that a warrant be issued authorizing the Mitchell County Sheriff's Office with appropriate assistance with/from other law enforcement officers, to examine the digital camera, any and all computers and storage media found on October 21st, 2006 by the Mitchell County Sheriff's Office.

(Doc. No. 26-9 at 3-4)

> The state magistrate found probable cause and issued the warrant as requested on November 17, 2006. On April 20, 2007, Deputy Beaver submitted another application for search warrant (the third application). The application, supporting affidavit, and proposed warrant were identical to those submitted on November 17, 2006, except in one respect; i.e., in paragraph 1 of the warrant, the specific property to be searched/seized was described as follows: "A silver colored Palm Pilot with TEXAS INSTRUMENTS TECHNOLOGY OMAP appearing on the back." (Doc. No. 66, ¶ 1)

Supplemental Report and Recommendation at pp. 3-7 (footnote omitted). Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. LEGAL ANALYSIS

### A. Standard Of Review

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

Case 6:07-cr-02006-MWB   Document 75   Filed 08/28/07   Page 10 of 24

> court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).  Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de
> novo determination upon the record, or after additional
> evidence, of any portion of the magistrate judge's disposition
> to which specific written objection has been made in
> accordance with this rule.  The district judge may accept,
> reject, or modify the recommended decision, receive further
> evidence, or recommit the matter to the magistrate judge with
> instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required.  *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).  As noted above, defendant Gocha has filed objections to  Judge Zoss's Supplemental Report and Recommendation.  The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Gocha's motion to suppress.

11

### B. Objections To Supplemental Report and Recommendation

#### 1. Fruit of the poisonous tree

Defendant Gocha objects to Judge Zoss's conclusion that because the second and third search warrants were based on the results of the warrantless searches and the first search warrant, which the court upheld in its prior Order Concerning Magistrate's Report and Recommendation Regarding Defendant's Motion To Suppress, that defendant Gocha's argument that the second and third search warrants were "fruit of the poisonous tree" must fail. Supplemental Report and Recommendation at 2. Although defendant Gocha objects to this portion of Judge Zoss's Supplemental Report and Recommendation, he does not state a basis for his objection. The court concludes from this that defendant Gocha's objection on this ground is merely a reiteration of his objections to Judge Zoss's original Report and Recommendation in this case. As noted above, the court adopted Judge Zoss's Report and Recommendation as to the first of the three search warrants challenged by defendant Gocha. In *Wong Sun v. United States*, 371 U.S. 471 (1963), the seminal case defining the fruit of the poisonous tree doctrine, the United States Supreme Court articulated that derivative evidence, such as physical evidence, a confession, or the testimony of a witness, is not "'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police." *Id*. at 488. Rather, derivative evidence must be suppressed as "fruit of the poisonous tree" if it was discovered by exploiting an illegal search. *See id.; see also Oregon v. Elstad*, 470 U.S. 298, 305-06 (1985) (noting that the "fruit of the poisonous tree" doctrine is drawn from *Wong Sun*, where "the Court held that evidence and witnesses discovered as a result of a search in violation of the Fourth Amendment must be excluded from evidence"). Because the court previously concluded that neither the original warrantless searches nor the search conducted pursuant to the first search warrant were illegal, it is clear that the fruit of the

12

poisonous tree doctrine has no application here with respect to the second and third search warrants. Therefore, this objection is overruled.

### 2. *Probable cause to search computers*

Defendant Gocha also objects to Judge Zoss's conclusion that there was a substantial basis to support the state magistrate's finding of probable cause to search defendant Gocha's personal computers. The seminal case of *Illinois v. Gates*, 462 U.S. 213 (1983), provides the standard an issuing court must follow in determining whether probable cause supports a search warrant application and, consequently, the duty of the reviewing court when considering the propriety of that determination:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Id.* at 238.

The question presented on review of an issuing judicial officer's determination is not whether the reviewing court would have issued the warrant based on the affidavit as presented, but whether the court which did issue the warrant had a "'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238-239 (citation omitted). Thus, a reviewing court does not conduct a de novo review of the issuing judge's determination, but must instead afford it great deference. *Id.* at 236. As the United States Supreme Court explained in *Gates*:

> [W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." [*Spinelli v. United States*, 393 U.S. 410, 419, 89 S. Ct. 584,

Case 6:07-cr-02006-MWB   Document 75   Filed 08/28/07   Page 13 of 24

> 590, 21 L.Ed. 2d 637 (1969) ].  "A grudging or negative
> attitude toward warrants," [*United States v. Ventresca*, 380
> U.S. 102, 108, 85 S. Ct. 741, 745-46, 13 L.Ed. 2d 684
> (1965)], is inconsistent with the Fourth Amendment's strong
> preference for searches conducted pursuant to a warrant;
> "courts should not invalidate warrant[s] by interpreting
> affidavit[s] in a hypertechnical, rather than a commonsense,
> manner." *Id.*, at 109, 85 S. Ct. at 746.

*Gates*, 462 U.S. at 236; *see also United States v. Gladney*, 48 F.3d 309, 312 (8th Cir.
1995).

The Eighth Circuit Court of Appeals has weighed in on this topic as well, observing
that:

> Probable cause exists when "there are sufficient facts to justify
> the belief by a prudent person that contraband or evidence of
> a crime will be found in the place to be searched.

*Gladney*, 48 F.3d at 312 (quoting *United States v. Bieri*, 21 F.3d 811, 815 (8th Cir.1994));
*see also United States v. Summage*, 481 F.3d 1075, 1077 (8th Cir. 2007) ("Probable cause
exists, if under the totality of the circumstances, a showing of facts can be made 'sufficient
to create a fair probability that evidence of a crime will be found in the place to be
searched.'" ) (quoting *United States v. Underwood*, 364 F.3d 956, 963 (8th Cir. 2004)
(quoting in turn *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002)); *United States
v. Wells*,  223 F.3d 835, 838 (8th Cir. 2000) ("The evidence as a whole must provide a
substantial basis for a finding of probable cause to support the issuance of a search
warrant."); *United States v. Johnson*, 219 F.3d 790, 790 (8th Cir. 2000) ("Probable cause
means a fair probability that contraband or evidence of a crime will be found in a
particular place given the circumstances set forth in the affidavit." ) (quoting *United States
v. Tellez*, 217 F.3d 547 (8th Cir. 2000) (in turn quoting *United States v. Horn*, 187 F.3d

14

781 (8th Cir. 1999) (internal quotation marks omitted)). Equally on point is the observation of Justice (then Judge) Kennedy:

> For probable cause to exist, a magistrate need not determine that the evidence sought is in fact on the premises to be searched, or that the evidence is more likely than not to be found where the search takes place. The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.

*United States v. Peacock*, 761 F.2d 1313, 1315 (9th Cir. 1985), *cert. denied*, 474 U.S. 847 (1985) (emphasis added in part) (citations omitted). Where, as here, the issuing state magistrate relied solely on the affidavit presented to her, "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" *Gladney*, 48 F.3d at 312 (quoting *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982), *cert. denied*, 459 U.S. 1201 (1983)).

Upon review of the record and Judge Zoss's Report and Recommendation, the court concludes that Judge Zoss correctly concluded that there was a substantial basis to support the state magistrate's finding of probable cause to search defendant Gocha's personal computers. The court recognizes that the Eighth Circuit Court of Appeals has held that "punctilious paragraph-by-paragraph dissection of the supporting affidavit" is not the appropriate standard of review. *United States v. Townsley*, 843 F.2d 1070, 1076 (8th Cir. 1988); *see United States v. Leisure*, 844 F.3d 1347, 1354 (8th Cir. 1988) (declining to "undertake a piecemeal dismemberment of the various paragraphs of the affidavit without attention to its force as a whole."). Rather, the court acknowledges that a determination of probable cause depends on a reading of the affidavit as a whole. *Gates*, 462 U.S. at 237. Here, Judge Zoss considered the affidavit as a whole. Viewing the affidavit in a common sense manner, the court cannot say that the issuing state magistrate did not have

Case 6:07-cr-02006-MWB   Document 75   Filed 08/28/07   Page 15 of 24

a substantial basis to believe that the items sought in the warrant would be found on defendant Gocha's personal computers. "'[I]n the case of drug dealers, evidence is likely to be found where the dealers live.'" *United States v. Newton*, 389 F.3d 631, 635 (6th Cir. 2004) (quoting *United States v. Jones*, 159 F.3d 969, 975 (6th Cir. 1998) (internal citations omitted)). This would logically extend to personal computers found where dealers live. The court, therefore, also overrules this objection.

### 3. *Overbroad and lacking in particularity*

Defendant Gocha also objects to Judge Zoss's conclusion that the search warrants were not overbroad or lacking in particularity. "The Warrant Clause of the Fourth Amendment categorically prohibits the issuance of any warrant except for one 'particularly describing the place to be searched and the persons or things to be seized.'" *Maryland v. Garrison*, 480 U.S. 79, 84 (1987) (quoting U.S. CONST. AMEND. IV). A warrant that fails in this particularity requirement is invalid. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004); *Massachusetts v. Sheppard*, 468 U.S. 981, 988, n.5 (1984); *Stanford v. Texas*, 379 U.S. 476, 485 (1965). The United States Supreme Court has observed:

> that the purpose of the particularity requirement is not limited to the prevention of general searches. *See Garrison*, 480 U.S., at 84, 107 S. Ct. 1013. A particular warrant also "assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *United States v. Chadwick*, 433 U.S. 1, 9, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (citing *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 532, 87 S. Ct. 1727 (1967)), abrogated on other grounds, *California v. Acevedo*, 500 U.S. 565, 111 S. Ct. 1982, 114 L.Ed.2d 619 (1991). *See also Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317 (1983) ("[P]ossession of a warrant by officers conducting an arrest or

16

> search greatly reduces the perception of unlawful or intrusive police conduct").

*Groh,* 540 U.S. at 562-63 (footnote omitted).

The Eighth Circuit Court of Appeals instructed earlier this year that:

> "To satisfy the particularity requirement of the fourth amendment, the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized." *United States v. Horn*, 187 F.3d 781, 788 (8th Cir. 1999). "The degree of specificity required will depend on the circumstances of the case and on the type of items involved." *Id.* The particularity requirement "is a standard of 'practical accuracy' rather than a hypertechnical one." *United States v. Peters*, 92 F.3d 768, 769-70 (8th Cir.1996).

*Summage*, 481 F.3d at 1079. The court further instructed that "[t]he requirement of particularity must be assessed in terms of practicality." *Id.*

Here, the second search warrant identified the property which could be seized as follows:

> 1. A DELL lap top computer #X08-73061, a Windows XP Home Edition HP # CNF 4491YK7, a DELL lap top computer # CN-OF3553-12961-481-4507, a Hewlett Packard lap top #CNF5211FXN, a home made computer with no numbers being black in color, a home made computer with no numbers being green in color, a XBADE computer #556794GR2331, and a DELL Windows XP Home Edition #X10-60264. Any and all documentation and records, whether on paper or stored on optical or magnetic media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to include but not limited to the sale, possession[,] manufacturing and or distributing of controlled substances, associated BIOS, driver software programs, and all peripheral equipment (LCD/CRT controller, modems, printers, scanners, video cameras/camcorders/VCRS, and other image capturing/reproducing devices).

17

2.    Computer hardware, software and data including, but not limited to[,] central processing units (CPU's), hard disks, hard disk drives, floppy disk drives, tape drives, CD-ROM drives, display screens, keyboards, printers, modems, scanning devices, video cameras/camcorders/VCRS, and other image capturing/reproducing devices, magnetic tapes, cassette tapes, compact disks, thumb drives, removable USB storage devices, personal digital assistants (PDA), electronic organizers and floppy disks found together or separately from one another.

3.    Written documentation, whether typed or hand written, including, but not limited to, computer manuals and instructions for the use of any computers and their accessories found at the premises.

4.    Any and all documentation and records, whether on paper or stored on computer media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to contemplated, present or previous agreements, arrangements, inquiries or discussions by Leslie Robert Gocha or Niky Lynn Lewis with any individual or entity concerning: the selling, manufacturing, marketing, transferring, providing, furnishing or sampling of all controlled substances or documents, records, images, magnetic media (including information stored within a computer) or other items incorporating, or purportedly compatible with the recording, sending, receiving, reproducing and viewing of any and all controlled substances and paraphernalia.    Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on optical or magnetic media ("E-mail").

5.    Any and all documentation and records, whether on paper or stored on magnetic media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to contemplated, present or previous

18

agreements, arrangements, inquiries, or discussions by Leslie Robert Gocha and Niky Lynn Lewis with suspected narcotics associates concerning: the selling, manufacturing, marketing, transferring, providing, furnishing, sampling, or examining of documents, records, images, magnetic media (including information stored within a computer) or other items incorporating, or purportedly compatible with the recording, sending, receiving, and or manufacturing of any and all controlled substances and related paraphernalia. Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on magnetic media ("E-mail").

6.     Any and all documentation and records, whether on paper or stored on optical or magnetic media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to contemplated, present or previous agreements, arrangements, inquiries, or discussions by Leslie Robert Gocha and Niky Lynn Lewis with any suspected narcotics associates concerning: the selling, manufacturing, marketing, transferring, providing, furnishing, sampling, or examining of documents, records, images, magnetic media (including information stored within a computer) or other items incorporating, or purportedly compatible with the recording, sending or manufacturing of any and all controlled substances and related paraphernalia. Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on magnetic media ("E-mail").

7.     Evidence of occupancy and control of said premises, including but not limited to, utility company bills, internet provider bills or payments, cancelled mail envelopes, personal identification papers, photographs, rent receipts, and keys.

Case 6:07-cr-02006-MWB   Document 75   Filed 08/28/07   Page 19 of 24

8. In a circumstance where the item seized may contain digital information i.e., computer, or other removable digital storage device, the peace officers are hereby authorized to make a bit by bit physical copy providing a digital image of said item. This will be done in order to facilitate a forensic examination of the image in a laboratory setting without altering the original data.

Search Warrant, Doc. No. 26-9 at 6-7.

The third search warrant identified the property which could be seized as follows:

1. A silver colored Palm Pilot with TEXAS INSTRUMENTS TECHNOLOGY OMAP appearing on the back. Any and all documentation and records, whether on paper or stored on optical or magnetic media (including information stored with a computer), disclosing, describing, referring, reflecting, or adverting to include but not limited to the sale possession manufacturing and or distribution of controlled substances, associated BIOS, driver software programs, and all peripheral equipment (LCD/CRT controller, modems, printers, scanners, video cameras/camcorders/VCRS, and other image capturing/reproducing devices).

2. Computer hardware, software and data including, but not limited to[,] central processing units (CPU's), hard disks, hard disk drives, floppy disk drives, tape drives, CD-ROM drives, display screens, keyboards, printers, modems, scanning devices, video cameras/camcorders/VCRS, and other image capturing/reproducing devices, magnetic tapes, cassette tapes, compact disks, thumb drives, removable USB storage devices, personal digital assistants (PDA), electronic organizers and floppy disks found together or separately from one another.

3. Written documentation, whether typed or hand written, including, but not limited to, computer manuals and

20

instructions for the use of any computers and their accessories found at the premises.

4.     Any and all documentation and records, whether on paper or stored on computer media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to contemplated, present or previous agreements, arrangements, inquiries or discussions by Leslie Robert Gocha or Niky Lynn Lewis with any individual or entity concerning: the selling, manufacturing, marketing, transferring, providing, furnishing or sampling of all controlled substances or documents, records, images, magnetic media (including information stored within a computer) or other items incorporating, or purportedly compatible with the recording, sending, receiving, reproducing and viewing of any and all controlled substances and paraphernalia. Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on optical or magnetic media ("E-mail").

5.     Any and all documentation and records, whether on paper or stored on magnetic media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to contemplated, present or previous agreements, arrangements, inquiries, or discussions by Leslie Robert Gocha and Niky Lynn Lewis with suspected narcotics associates concerning: the selling, manufacturing, marketing, transferring, providing, furnishing, sampling, or examining of documents, records, images, magnetic media (including information stored within a computer) or other items incorporating, or purportedly compatible with the recording, sending, receiving, and or manufacturing of any and all controlled substances and related paraphernalia. Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on magnetic media ("E-mail").

21

6. Any and all documentation and records, whether on paper or stored on optical or magnetic media (including information stored within a computer), disclosing, describing, referring, reflecting, or adverting to contemplated, present or previous agreements, arrangements, inquiries, or discussions by Leslie Robert Gocha and Niky Lynn Lewis with any suspected narcotics associates concerning: the selling, manufacturing, marketing, transferring, providing, furnishing, sampling, or examining of documents, records, images, magnetic media (including information stored within a computer) or other items incorporating, or purportedly compatible with the recording, sending or manufacturing of any and all controlled substances and related paraphernalia. Such information to be seized includes personal communications between individuals or entities who are not subject on the warrant, specifically including electronic communications residing on magnetic media ("E-mail").

7. Evidence of occupancy and control of said premises, including but not limited to, utility company bills, internet provider bills or payments, cancelled mail envelopes, personal identification papers, photographs, rent receipts, and keys.

8. In a circumstance where the item seized may contain digital information i.e., computer, or other removable digital storage device, the peace officers are hereby authorized to make a bit by bit physical copy providing a digital image of said item. This will be done in order to facilitate a forensic examination of the image in a laboratory setting without altering the original data.

Search Warrant, Doc. No. 66 at 1-2.

The court finds that both the second and third search warrants sufficiently satisfy the particularity requirement because the language contained within the warrants adequately allowed the police to avoid searching and seizing the wrong items. *See In United States v. Tyler*, 238 F.3d 1036, 1039 (8th Cir. 2001) (holding that the search

22

warrant was sufficiently specific when it identified a wide range of items that were related to drug use and trafficking). Moreover, because the police did not know the particulars of defendant Gocha's electronic data storage, it was necessary to search a broad array of items for relevant evidence of drug trafficking. *See Summage*, 481 F.3d at 1079 (holding that search warrant to search defendant's house for evidence of alleged incident in which defendant solicited a mentally retarded man to have sex and video taped the sexual encounter was neither overbroad nor lacking in particularity where the search warrant included among listed items to be seized all video tapes and DVDs, pornographic pictures, video and digital recording devices and equipment, all equipment used to develop, upload, or download photographs or movies, and computers where at the time the search warrant was applied for the police did not know the particular format in which evidence of the incident was being maintained). The court, therefore, concludes that the second and third search warrants were neither overbroad nor lacking in particularity and overrules defendant Gocha's objection to this portion of Judge Zoss's Supplemental Report and Recommendation.

## III. CONCLUSION

Therefore, for the reasons set forth above, the court, upon a *de novo* review of the record, accepts Judge Zoss's Supplemental Report and Recommendation and **denies** defendant Gocha's motion to suppress with regard to the second and third search warrants.

23

**IT IS SO ORDERED.**

**DATED** this 28th day of August, 2007.

_Mark W. Bennett_
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

24